# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

In the Matter of:                          }
                                           }
LESLIE L. GARDNER                          }      CASE NO. 06-81081-JAC-13
SSN:   XXX-XX-9558                         }
BRANDI R. GARDNER                          }
SSN:   XXX-XX-6083                         }
                                           }      CHAPTER 13
                         Debtor(s).        }


LESLIE L. GARDNER                          }      AP 06-80112-JAC-13
BRANDI R. GARDNER                          }
                         Plaintiff(s),     }
          v.                               }
                                           }
WELLS FARGO AUTO FINANCE                   }
d/b/a WELLS FARGO FINANCIAL                }
WOODY ANDERSON FORD                        }
                                           }
                         Defendant(s).     }


## MEMORANDUM OPINION

This case is before the Court on Wells Fargo's motion to compel arbitration, or in the alternative, to stay action pending arbitration.  Debtors oppose the motion and assert that this Court must retain the proceeding as part of its "core" jurisdiction.  In conformity with the Court's decision in the case of *Rozell v. CitiFinancial Auto Corporation*, 2006 WL 3531284 (Bankr. N.D. Ala. 2006), the Court finds that Wells Fargo's motion to compel arbitration and dismiss this action is due to be granted.

On August 27, 2005, the debtors executed a Retail Installment Contract and Security Agreement for the purchase of an automobile.  On the same date, the debtors executed a

separate document titled "Buyer's Agreement" pursuant to which the parties agreed to arbitrate "any claim, dispute or controversy ("Claim") of any kind . . . arising out of or relating to" the contract.

On June 16, 2006, debtors filed for relief under Chapter 13 of the United States Bankruptcy Code. Wells Fargo filed a secured claim in the debtors' case for $18,825.49. On August 28, 2006, the Court entered an order confirming the debtors' Chapter 13 plan. The order provides for the payment of Wells Fargo's claim in full. On September 11, 2006, the debtors commended this action asserting claims arising out of the contract pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 et seq., to recover actual damages of up to $529.00 plus interest at the contract rate, plus statutory damages, capped at $1,000.00, and costs and attorneys fees. Debtors do not seek to have defendant's claim reduced by the amount of the damages sought therein. Instead, debtors' amended Chapter 13 plan provides that any "non-exempt proceeds from potential lawsuit shall be paid to the Chapter 13 trustee for distribution to creditors."

Under the circumstances of the present case, the Court finds that enforcement of the arbitration agreement will not jeopardize or inherently conflict with the objectives of the Bankruptcy Code. The debtors seek compensatory damages of up to $529.00, plus interest, and statutory damages, capped at $1,000.00. On August 28, 2006, the Court entered an order confirming the debtors' Chapter 13 plan pursuant to which Wells Fargo's claim is being paid in full. Debtors propose to pay any non-exempt proceeds from their TILA claims to the Chapter trustee for distribution to creditors. Debtors do not seek to attack the validity of

Wells Fargo's secured claim or it allowance. Allowing arbitration of debtors' TILA claims will not delay or interfere with the terms of the debtors' confirmed plan. If the debtors receive an award, the proceeds will simply be paid to the trustee and distributed to creditors. Allowing an arbitrator to resolve the debtors' TILA claim will not present a conflict with the Code under these circumstances and given the nominal amount involved.

Finally, an issue remains of whether debtors' claims would be barred by the applicable one year statute of limitations as this action was filed more than one year after the date of the occurrence of the alleged violations. *See* 15 U.S.C. § 1640. Wells Fargo has not sought dismissal of this action on this ground, but the Court finds that whether the debtors' suit is barred by the applicable statute of limitations is an issue that remains open to be considered during arbitration.

Dated: December 14, 2006

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge

JAC/mhb
xc:    Debtor(s)
       A. Wilson Webb, attorney for plaintiff(s)
       James White, attorney for defendant(s)
       Amy Tanner, attorney for debtors
       John Zingarelli, attorney for defendant(s)
       trustee